IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EDWARD SABARI BRYAN, # 235730, ) | Civil Action No. 3:08-846-RBH-JRM |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| SCDC; AND ) JONATHAN OZMINT, IN HIS OFFICIAL ) CAPACITY, ) | |
| Defendants. ) | |

Plaintiff, Edward Bryan, filed this action under 42 U.S.C. § 1983[1] on March 10, 2008. He is an inmate at the Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC"). Defendants are SCDC and Jonathan Ozmint ("Ozmint"). On January 21, 2009, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on January 22, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. The undersigned issued a second order on February 27, 2009, allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. On March 2, 2009, Plaintiff filed a pleading titled "Notice of Motion and Motion to Dismiss the Defendants' Motion for Summary Judgement." He filed affidavits in support on March 5 and April 23, 2009. Defendants filed a reply on March 10, 2009.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

**DISCUSSION**

Plaintiff was alleged to have sexually assaulted his cellmate on May 29, 2007. Leverne Cohen ("Cohen")[2] Aff., Para. 10. On May 30, 2007, Plaintiff was placed in pre-hearing detention ("PHD") pending investigation of the charge. A hearing was held on June 12, 2007, and Plaintiff was found guilty of Section 802 of the SCDC Disciplinary Code (sexual assault). He was penalized with the loss of various privileges, the loss of sentence-related credits, disciplinary detention, and the requirement that he wear a pink jumpsuit. Cohen Aff., Paras. 11-14 and Ex. A (Disciplinary Report and Hearing Record).

Plaintiff was released from disciplinary detention on October 15, 2007. He was required to wear a pink jumpsuit, assigned to a 3:00 p.m. dinner time, and placed on lockdown for the night at 3:30 p.m. Although he was originally required to wear the pink jumpsuit for ninety days, the time was extended for an additional fifteen days because he was caught wearing the regular (tan) jumpsuit. Plaintiff received tan jumpsuits and was allowed to wear them (rather than pink) beginning on February 8, 2008. See Complaint at 5-6; Cohen Aff., Paras. 15-16.

Plaintiff appears to allege that his due process rights under § 1983 were violated because his accuser was not present at his disciplinary hearing. He also appears to allege claims under South Carolina law. In addition, he may be attempting to allege an Eighth Amendment claim. Specifically, Plaintiff alleges claims for: (1) defamation because he was required to wear a pink jumpsuit which labeled him as "gay"; (2) fraudulent due process because Defendants did not allow his accuser to be cross examined; (3) fraud because Defendants never produced a copy of his hearing tape; (4) abuse of authority by implementing the pink jumpsuit policy because it is designed to damage inmates by

---

[2]Cohen is the Warden of RCI. Cohen Aff., Para. 3.

labeling them as sexually abnormal, it affects their visitation, and imposes an early dinner and lockdown time; (5) abuse of authority by Defendants by extending his pink jumpsuit time by fifteen days; and (6) discrimination as to getting a prison job. Complaint at 8-13. Plaintiff requests injunctive relief in the form of having Defendants produce the tape from his disciplinary hearing or dismiss the charge, and to have Defendants stop assigning special clothing for SCDC 802 or 822 infractions.³ He also requests one million dollars in compensatory damages and fifty thousand dollars in punitive damages. Complaint at 14.

Defendants contend that their motion for summary judgment should be granted because: (1) they are entitled to Eleventh Amendment immunity; (2) Plaintiff's attack on his disciplinary conviction is barred by the doctrine of Heck v. Humphrey and its progeny; (3) Plaintiff fails to show that the use of pink-colored jumpsuits violated his Eighth Amendment rights; (4) Plaintiff fails to show that he suffered any injury from the challenged conditions; (5) Plaintiff fails to establish a claim concerning any verbal taunts or verbal abuse; (6) Plaintiff's claims are barred by the Prison Litigation

---

³To the extent that Plaintiff is asking for relief from the application of the pink jumpsuit policy to his current situation, his claim is moot, as he admits he has returned to wearing the tan jumpsuit. Further, Defendants provide that the requirement that inmates convicted of 802 violations wear a pink jumpsuit for ninety days after their first conviction (see Cohen Aff., Ex. B - SCDC Policy OP.22.14 § 15.8) has been changed since the institution of Plaintiff's suit such that inmates convicted of a 802 sexual assault on another inmate are no longer required to wear a pink jumpsuit. See Cohen Aff., Ex. C (SCDC Policy OP-22.14 § 17.8 and § 17.8.1). Additionally, Plaintiff appears to be attempting to assert a claim on behalf of other inmates, which he cannot do. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. \* (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

3

Reform Act because he fails to show that he suffered any physical injury; (7) Plaintiff fails to show that he exhausted his administrative remedies prior to filing this action; (8) to the extent Ozmint is sued in his individual capacity, Ozmint is entitled to qualified immunity;[4] (9) Ozmint cannot be held liable on a theory of respondeat superior;[5] and (10) Plaintiff's claims are factually and legally frivolous and should be dismissed and count as a strike pursuant to the PLRA.

Plaintiff argues that Defendants' motion for summary judgment should be dismissed because it was untimely filed. In an order issued December 22, 2008, the undersigned extended the time to file dispositive motions until January 19, 2009. See Doc. 36. The Federal Rules of Civil Procedure provide that in computing a time period:

> **Last Day.** Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or--if the act to be done is filing a paper in court--a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Fed. R. Civ. P. 6(a)(3). January 19, 2009 was a Federal Holiday (Martin Luther King, Jr.'s birthday). The next day (January 20, 2009), it snowed in Columbia, South Carolina and the courthouse was inaccessible (closed) that day. Defendants' counsel is located in Columbia, South Carolina as

---

[4]Plaintiff appears to have brought this action against Ozmint in his official capacity only. See Complaint at 1 (caption). To the extent that he brings this action against Ozmint in Ozmint's individual capacity, Ozmint is entitled to qualified immunity as Plaintiff fails to show that Ozmint violated any of his clearly established constitutional or statutory rights. See Harlow v. Fitzgerald, 457 U.S. 800 (1982).

[5]In his memorandum to dismiss/opposition memorandum (at 11), Plaintiff appears to allege that on one occasion Ozmint "was in the cafeteria answering questions casually for anyone, besides Plaintiff and his class [inmates wearing pink jumpsuits]." Mere conclusory allegations of discrimination are insufficient to state a claim. Chapman v. Reynolds, 378 F.Supp. 1137, 1139 (W.D.Va.1974).

indicated by their address on their pleadings. Thus, Defendant's motion, although filed on January 21, 2009, was timely.

### 1. **Failure to Exhaust Administrative Remedies**

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies prior to filing this action because he did not fully exhaust the one grievance he filed and did not file a grievance as to the remainder of his claims. Plaintiff argues that he exhausted his administrative remedies as to the grievance he filed because it was fully processed at SCDC (Steps 1 and 2), he appealed SCDC's decision to the South Carolina Administrative Law Court ("ALC"), and the ALC dismissed his appeal.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

Plaintiff appears to have exhausted his remedies as to the one grievance (0345-07) he filed concerning his due process claims because he exhausted his available SCDC remedies,[6] but he fails to show that he exhausted his administrative remedies as to the remainder of his claims. Defendants have raised the affirmative defense that Plaintiff failed to exhaust all of his available administrative remedies. Cohen states that he found no evidence that Plaintiff grieved any of the allegations in his complaint other than the one grievance. Cohen Aff., Para. 20. It is also apparent from the face of the Complaint (in which Plaintiff only wrote that he filed grievance 0345-07), that Plaintiff did not exhaust his administrative remedies as to all of his claims. Review of grievance 0345-07 reveals that it only concerns Plaintiff's disciplinary conviction and does not address the remainder of the claims presented in this action. See Complaint at 2 and Attachments to Complaint. In his motion to dismiss/opposition memorandum, Plaintiff argues that he exhausted his administrative remedies as to the one grievance he filed, but has not presented anything to show that he exhausted his administrative remedies as to his claims not contained in that grievance. Thus, Plaintiff's claims (other than his due process claim) should be dismissed as Plaintiff failed to exhaust his available administrative remedies.[7]

---

[6] Defendants do not appear to dispute that Plaintiff completed the SCDC grievance process by filing and receiving responses to his Step 1 and Step 2 grievances. They argue that he failed to exhaust because his appeal to the ALC was dismissed on procedural grounds. In § 1983 matters, Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949 (2002); Brown v. Evans Corr. Inst. Med. Staff, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007)(unpublished).

[7] Alternatively, it is recommended that summary judgment be granted as to these claims, as discussed below.

### 2. Due Process

Plaintiff appears to allege that his due process rights were violated because his accuser was not present at his disciplinary hearing. Defendants contend that Plaintiff cannot bring a constitutional claim concerning his disciplinary conviction because he fails to show that the conviction was overturned or otherwise impugned.

Plaintiff's claims concerning his disciplinary proceedings are barred by Heck v. Humphrey, 512 U.S. 477 (1994)[8] and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). He has not shown he successfully attacked his disciplinary hearing conviction. Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under Heck and Edwards.

Even if Plaintiff's due process claim is not barred, he fails to show that his rights were violated. Where, as here, a prison disciplinary hearing may result in the loss of good-time credit, Wolff v. McDonnell, 418 U.S. 539 (1974), holds that due process requires the following:

---

[8]The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based.

1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. Providing the prisoner a written statement by the fact finder(s) as to the evidence relied on and reasons for the disciplinary action;

3. Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. Providing impartial fact finders.

Wolff, 418 U.S. at 563-576. Due process in prison discipline decisions is satisfied if there is "some" evidence to show that the inmate committed the offense. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. Id. at 455-56. This standard does not require an examination of the entire record, or a reweighing of the credibility of witnesses and other evidence. Id.; see also Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990).

On June 6, 2007, Plaintiff received notice of his hearing, which was held on June 12, 2007. The DHO provided a statement that Plaintiff was found guilty based on Sgt. Ridge's report and testimony that Plaintiff attempted to sexually assault his cellmate. Defendant's Motion for Summary Judgment, Ex. 7 (Disciplinary Report and Hearing Record).

Plaintiff alleges that his rights were violated because his accuser was not present, as his accuser had been transferred from SCDC custody to that of ICE (United States Immigration and Customs Enforcement). In Brown v. Braxon, 373 F.3d 501 (4th Cir. 2004), the Fourth Circuit stated

that "inmates are not entitled to confront the witnesses against them, nor are they guaranteed the right to retained or appointed counsel." Id. at 504-505, citing Wolff, 418 U.S. at 567-70.

To the extent that Plaintiff is implicating the duration of his confinement by requesting that good-time credits be restored, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Preiser v. Rodriguez, 411 U.S. 475 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). If Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action.[9]

### 3. **Eighth Amendment Claims**

Plaintiff may be attempting to assert an Eighth Amendment claim. He appears to allege that he was harmed because he had to eat dinner at 3:00 p.m. and was locked down for the night at 3:30 p.m.[10] As noted above, Plaintiff fails to show that he has exhausted his administrative remedies as to these claims. Defendants also contend that Plaintiff's claims fail because he has not shown that they were deliberately indifferent to his conditions or that he suffered any serious injury as a result of his conditions of confinement.

---

[9]Plaintiff should also note that a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. See Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973).

[10]Plaintiff may also be asserting claims concerning visitation, which was suspended as part of the penalties of his disciplinary conviction. He fails to show, however, that his constitutional rights were violated. See White v. Keller, 438 F. Supp. 110 (D.Md. 1977), aff'd, 588 F.2d 913 (1978)(prisoners do not have a constitutional right to prison visitation)

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81. Plaintiff fails to establish a constitutional claim because he has not shown any serious or significant physical or emotional injury resulting from the alleged conditions. See Strickler, 989 F.2d at 1380-1381. [11]

Plaintiff claims that he suffered mental and psychological hardship from Defendants' actions. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff

---

[11]To the extent that Plaintiff is attempting to assert a failure to protect claim he also fails to show that he exhausted his administrative remedies.

v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[12]

42 U.S.C. § 1997e(e).

### 4. Job Claims

Plaintiff appears to allege that he was discriminated against because he could only hold certain jobs while on pink jumpsuit status. As noted above, this claim should be dismissed because Plaintiff fails to show that he has exhausted his available administrative remedies. Further, he fails to establish a claim as to holding a certain job at the prison.

Plaintiff has not shown that he was foreclosed from all jobs because of his pink jumpsuit status, just that some jobs were not available during his time in the jumpsuit because of his early dinner and lockdown schedule. Cohen states that inmates in pink jumpsuits are allowed to work inside their assigned dorm. Cohen Aff., Para. 22. Ozmint states that inmates in pink jumpsuits are able to work and earn good-time credits. Ozmint Aff., Para. 29. A plaintiff has no constitutional right to participate in prison programs, so his ineligibility for a prison work program is not a deprivation of constitutional magnitude. See Hewitt v. Helms, 459 U.S. 460 (1983); Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and

---

[12]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).

### 5. **Failure to Follow SCDC Policies**

Plaintiff appears to allege that Defendants have abused their authority or committed fraud because they failed to follow SCDC policies. Allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

### 6. **Verbal Threats/Abuse**

Plaintiff appears to allege that he was subjected to ridicule for wearing a pink jumpsuit. Defendants deny that Plaintiff was subjected to any ridicule (see Cohen Aff., Para. 39) and that such allegations do not state a violation of his constitutional rights. Verbal abuse or harassment of inmates by guards, without more, fails to state a claim under § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling

are usually not actionable under § 1983); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983).

   **7.    Immunity**

Defendants contend that they are entitled to Eleventh Amendment immunity in their official capacities. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

### 8. State Law Claims

Plaintiff also appears to allege claims under South Carolina law for fraud, defamation, and abuse of authority. As he fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed sua sponte.

### CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion to dismiss (Doc. 48) be **denied**. It is also recommended that Defendants' motion for summary judgment (Doc. 42) be **granted**, and that Plaintiff's state law claims be dismissed sua sponte.

Joseph R. McCrorey
United States Magistrate Judge

August 26, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).