UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edward Sabari Bryan, ) | Civil Action No.: 3:08-cv-846-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SCDC; and Jonathan Ozmint, ) | |
| in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, currently incarcerated at Ridgeland Correctional Institution in Ridgeland, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff also appears to have alleged state law claims.

Pending before the court is Defendants' [Docket Entry #42] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #55] of Magistrate Judge Joseph R. McCrorey filed on August 26, 2009.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted. Plaintiff timely filed Objections [Docket Entry #58] to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## **Discussion**

Plaintiff was found guilty of sexually assaulting his cellmate at Ridgeland Correctional Institution in violation of § 802 of the SCDC Disciplinary Code. Plaintiff was penalized with loss of various privileges, loss of good time credits, disciplinary detention, and the requirement that he wear a pink jumpsuit for a period of time. In this lawsuit, Plaintiff alleges a due process claim, an Eighth Amendment claim, and various state law claims arising from his disciplinary conviction for sexual assault and the resulting punishment.

The Magistrate Judge found that the only one of Plaintiff's claims that was properly exhausted was his due process claim. While Plaintiff in his objections appears to simply rehash his claims, the Plaintiff failed to object to the Magistrate Judge's finding regarding the failure to exhaust administrative remedies. In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.

1983). This court, therefore, adopts the Magistrate Judge's finding that Plaintiff exhausted only his due process claim and that all of Plaintiff's remaining claims should be dismissed for failure to exhaust his administrative remedies.

As to his due process claim, the Magistrate Judge found that Plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). The Magistrate Judge stated that *Heck* and *Edwards* preclude a § 1983 claim regarding a prison disciplinary hearing that has not been previously invalidated. The Magistrate Judge concluded that because Plaintiff had failed to demonstrate that his disciplinary hearing conviction had been invalidated, he was barred from asserting a due process claim under § 1983 in connection with that disciplinary hearing conviction. Again, Plaintiff failed to raise a specific objection to the Magistrate Judge's recommendation regarding the application of *Heck* and *Edwards* to this case. As a result, this court adopts the Magistrate Judge's finding that Plaintiff's due process claim is barred by *Heck* and *Edwards*.

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.[2] The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #55] of the Magistrate Judge as

---

[2] The Magistrate Judge at pg. 6 recommended dismissal for failure to exhaust as to all federal § 1983 claims except the due process claim. Alternatively, he recommended summary judgment as to those claims. In his conclusion recommendation, he recommended summary judgment as to all the federal claims.

3

modified below. The federal § 1983 claims (other than the due process claim) are **DISMISSED without prejudice** for failure to exhaust. The court **GRANTS** summary judgment as to the due process claim. The court declines to exercise jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c) and they are **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina  s/ R. Bryan Harwell
September 29, 2009  R. Bryan Harwell
United States District Judge